United States District Court
Southern District of Texas
**ENTERED**
August 19, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| JOSUE CLEMENTE RAMOS-CANO, | § § | CRIMINAL NO. 4:21-CR-366 |
| *Defendant.* | § § § | |

### ORDER ON MOTION TO RECONSIDER DETENTION ORDER

Pending before the Court is Defendant's motion to reconsider the Court's detention order. ECF No. 11. The Court entered its order of detention finding that Defendant was both a flight risk and danger to the community such that there were no conditions or combination of conditions that would assure Defendant's appearance or the safety to the community. Order, ECF No. 12. Apparently, the motion was filed the same day the Court signed its order, without the benefit of reviewing Defendant's motion. The Court will construe Defendant's motion as a motion to amend or revoke the detention order pursuant to 18 U.S.C. § 3145. The Government opposes Defendant's motion, arguing that Defendant poses a flight risk and danger to the community. ECF No. 13.

Based on a review of the motion, response, and record, the Court determines that the motion should be denied.

## I. DEFENDANT HAS FAILED TO CARRY THE BURDEN NECESSARY TO AMEND OR REVOKE THE DETENTION ORDER.

Defendant was initially charged in an indictment with illegal re-entry of an alien after conviction of a felony crime, pursuant to 8 U.S.C. § 1326(a) and (b). ECF No. 1. At the initial appearance hearing, the Government moved to detain pending trial, which Defendant opposed. The Court held a detention hearing on July 13, 2021. ECF No. 7. Pretrial Services ("PTS") prepared a report recommending detention based on the risk of flight and danger to the community considering Defendant's lack of legal status in the United States and criminal history. ECF No. 9. At the hearing, Defendant proposed he live with his mother, sister, her husband, and three young children in his mother's apartment.

At the conclusion of the detention hearing, the Court stated that it would detain Defendant, but "would consider a bond if acceptable housing can be found and approved by PTS." Minute Entry Detention Hearing, 7/13/21; *see* ECF No. 11 at 2; ECFF No. 13 at 1. At that time, the Court expressed its concern with the proposed living arrangements based on four adults and three young children living in a two-bedroom apartment, particularly since Defendant had been convicted of two domestic violence charges with two common law wives, and a terroristic threat charge involving a threat to murder one of his common law wives. *See* ECF No. 9 at 3-4. In addition, the proposal was for home detention, meaning that Defendant

would be home virtually all the time. After the hearing, the Court entered a written detention order, making detailed findings, supporting its detention decision based on both a risk of flight and danger to the community. Order, ECF No. 12.

Defendant seeks reconsideration of the detention order and release on bond. Defendant's new proposed arrangement is that he live in his mother's apartment with his sister, her husband, and their three children and that his mother move out to live with his other sister, Cristibell Ramos. She purportedly owns a home where she lives with her husband and three children. She purportedly is a naturalized citizen. Defendant presented an unsworn letter from her where she states that she would take responsibility of her brother, but he cannot live with her. ECF No. 11-2. Instead, her mother can live with her. *Id.* Neither the letter nor motion provides any explanation as to why Ms. Ramos cannot let her brother live with her even though she is willing to be responsible for him. The motion does not state that PTS has reviewed or approved any of this information. ECF No. 11.

### B. The Bail Reform Act Governs Detention hearings.

The procedures governing detention hearings are set forth in the Bail Reform Act, 18 U.S.C. § 3141. Upon the government's motion in a case where a defendant is eligible for detention, the court must hold a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. *See*

18 U.S.C. § 3142(f). "[T]he lack of reasonable assurance of *either* the defendant's appearance *or* the safety of others or the community is sufficient; both are not required." *United States v. Stanford*, 341 F. App'x 979, 981 (5th Cir. 2009) (citations omitted) (emphasis in original). "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required," a court must consider: "(1) the nature and circumstances of the offense charged ...; (2) the weight of the evidence against the person; (3) the history and characteristics of the person ...; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). If, at the conclusion of the hearing, the court determines that no condition or combination of conditions will reasonably assure the appearance of the defendant as required or the safety of any other person and the community, the defendant must be detained pending trial. *Id.* § 3142(e) & (f); *see Stanford*, 341 F. App'x at 981 (citations omitted).

This Court's written detention order considered the §3142(g) factors in determining that Defendant is a flight risk and a danger. Order, ECF No. 12. Thus, for reconsideration, the Defendant is required to provide information that is material to the issues of his appearance or safety of the community sufficient for the Court to amend or revoke its detention order. *Stanford*, 341 F. App'x at 981; *United States v. Stanford*, 367 F. App'x 507, 509 (5th Cir. 2010). The Court specifically directed that

4

any new proposed living arrangement had to be reviewed and approved by PTS. There is no suggestion that PTS was even informed of this proposal, let alone that PTS had reviewed it and approved it. Thus, Defendant has failed to satisfy the Court that these propose arrangements would pass muster with PTS.

Moreover, the proposed arrangements do not satisfy the Court. The letter is unsworn. The letter raises more questions than it answers, for example why Defendant cannot live with Ms. Ramos and her family. The proposal that Defendant be in home confinement in a small apartment with two other adults and three small children is not adequate, particularly given Defendant's violent temper that has led to three convictions in the past. Defendant argued at the hearing that he would not be violent because living with his mother would be different than living with his wives. The Court did not find this argument to be persuasive. Under the current proposal, Defendant would not be living with his mother, but his sister, her husband, and their kids. This could lead to more violence. The unsworn record does nothing to persuade the Court otherwise.

Defendant's sister's unsworn letter states she would be responsible for her brother but would not let him live with her. ECF No. 11-2. Instead, she proposes that her mother move in "for a couple of weeks." *Id.* Thus, this proposal does not seem more than fleeting. In addition, the letter reveals that Defendant's mother will travel to Honduras for an extended period so that Defendant can move into his sister's

5

apartment. The letter shows that Defendant's family continues to have strong ties to Honduras despite Defendant's suggestion otherwise based on his living in the United States illegally for two decades. ECF No. 11 at 2. This only bolsters the Court's finding that Defendant is a flight risk because the evidence shows that the family has sufficient ties with Honduras such that Defendant's mother can go live there for an extended period.

Typically, a third-party custodian, as Ms. Ramos would propose to be, would live with the defendant so that, as a custodian, she would be able to supervise the defendant's activities, assure his appearance in court, and inform the court if any violations of the conditions of release occur. Ms. Ramos would not be living with Defendant and there is no showing that she would be otherwise able to monitor his compliance. This is particularly true when the proposal here is for home detention. No information has been provided as to whether Ms. Ramos works or is at home with the children. Thus, the Court is not able to assess her availability to supervise the Defendant even if he does not live with her. The record does not support reconsideration of the detention order.

II.   **CONCLUSION**

The Court ORDERS that Defendant's motion to reconsider the detention order, ECF No. 11, is DENIED.

Signed on August 18, 2021, at Houston, Texas.

                                                **Dena Hanovice Palermo**
                                                **United States Magistrate Judge**